IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2005 JUL -6 PM 3:55

OFFICE OF THE CLERK

| | |
|---|---|
| SALLY NOYES, PERSONAL REPRESENTATIVE OF THE ESTATE OF CLYDE NOYES<br><br>Plaintiff,<br><br>VS.<br><br>FORD MOTOR COMPANY<br><br>Defendant, | CASE NO.:<br>8:05CV322<br><br>COMPLAINT,<br>JURY DEMAND AND<br>DESIGNATION<br>OF PLACE OF TRIAL |

## COMPLAINT

COME NOW, Sally Noyes, Personal Representative of the Estate of Clyde Noyes, Plaintiff herein, complaining of Ford Motor Company (hereinafter referred to as "Ford") Defendant herein, and for her cause of action would show as follows:

### I. THE PARTIES

1.1     Plaintiff, Sally Noyes, is a citizen of the United States and a citizen and resident of the state of Nebraska.

1.2     Plaintiff, Sally Noyes, is the Personal Representative of the Estate of Clyde Noyes.

1.3     Defendant, Ford Motor Company ("Ford"), is a foreign corporation, incorporated in the state of Delaware, having its principal place of business in the state of Michigan, doing business in the state of Nebraska, having continuing contacts with the state of Nebraska and having committed a tort in whole or in part in the state of Nebraska, and may be served with process by serving its Nebraska registered agent for

service of process, C.T. Corporation System, 301 S. 13th Street, Suite 500, Lincoln, Nebraska 68508.

## II. JURISDICTION AND VENUE

2.1     Jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332 and that the amount in controversy exclusive of costs is in excess of $75,000.

2.2     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because all or a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this district.

## III. GENERAL ALLEGATIONS

3.1     The term "vehicle in question" refers to a 2000 Ford F-150 pickup truck, bearing vehicle identification number 1FTRX18L7YNB95827.

3.2     The "vehicle in question" was designed, manufactured, and marketed by Ford Motor Company.

3.3     This suit arises out of an automobile accident that occurred on July 11, 2003. As Clyde Noyes proceeded eastbound on Highway 33 in Lincoln, Nebraska in his 2000 Ford F-150 pickup truck, his vehicle became uncontrollable, veered off the paved roadway, and rolled. At the time of the accident, Mr. Noyes was properly belted. During the rollover event, the roof crushed onto Mr. Noyes. As a direct and proximate result of the roof crush, Mr. Noyes was killed.

3.4     The vehicle in question had not been changed or altered and was in substantially the same condition at the time of the accident that it had been in when it

left the control of Ford Motor Company.

## IV. CAUSES OF ACTION AGAINST FORD MOTOR COMPANY

### A. FORD MOTOR COMPANY'S ROLE WITH THE VEHICLE IN QUESTION

4.1     Plaintiff refers to and incorporates by reference the allegations contained in paragraphs 3.1 through 3.4, inclusive, as though fully set forth at length.

4.2     The vehicle in question was originally designed, manufactured, and marketed by Defendant, Ford Motor Company. At the time of the sale of the vehicle in question, Ford Motor Company was in the business of designing, manufacturing, and selling automobiles, such as the vehicle in question driven by Clyde Noyes. At all times pertinent to the occurrence made the basis of this lawsuit, Ford engaged in the business of designing, manufacturing, distributing and marketing automobiles to the general public throughout the United States, as well as within the state of Nebraska, through duly appointed retailers and distributors.

### B. DESIGN DEFECT

5.1     Plaintiff refers to and incorporates by reference the allegations contained in paragraphs 3.1 through 4.2, inclusive, as though fully set forth at length.

5.2     At the time the vehicle in question was designed, manufactured, and sold by Defendant, Ford Motor Company, it was defective in design and unreasonably dangerous, which defective and unreasonably dangerous condition was a proximate cause of the injuries and death to Clyde Noyes, and of the damages suffered by Plaintiff. The design defects inherent in the vehicle includes a defective roof structure and glazing.

5.3    At the time the vehicle in question was designed, manufactured and sold by Defendant, Ford Motor Company, said vehicle was defective in design and unreasonably dangerous. More specifically, said vehicle was designed with a roof structure and glazing that was defective and unreasonably dangerous. The vehicle's roof and supporting structures and glazing were inadequate to protect occupants from foreseeable crash forces in rollover accidents. Particularly, these components were designed and manufactured in such a way that the roof could unreasonably intrude into the occupant compartment in the event of a rollover and the glazing shatter.

C.  **MARKETING DEFECT**

6.1    Plaintiff refers to and incorporates by reference the general allegations contained in paragraphs 3.1 through 4.2, inclusive, as though fully set forth at length.

6.2    Both prior to and subsequent to the sale of the vehicle in question, Defendant, Ford, failed to give adequate and proper warnings and instructions regarding the dangers of said vehicle, which failure rendered said vehicle defective and unreasonably dangerous, and a proximate cause of the injuries and death to Clyde Noyes, and of the damages suffered by Plaintiff.

D.  **NEGLIGENCE**

7.1    Plaintiff refers to and incorporates by reference the general allegations contained in paragraphs 3.1 through 4.2, inclusive, as though fully set forth at length.

7.2    Defendant Ford committed acts of omission and commission, which collectively and severally, constituted negligence, which negligence was a proximate cause of the injuries and death to Clyde Noyes, and of the damages suffered by

Plaintiff. This negligence includes, but is not limited to, Ford's negligent failure to properly test the roof structure and use laminated glass.

E.   **MISREPRESENTATION**

8.1   Plaintiff refers to and incorporates by reference the general allegations contained in paragraphs 3.1 through 4.2, inclusive, as though fully set forth at length.

8.2   Ford misrepresented the character and quality of the vehicle. The misrepresentations were of such a nature as to render Ford strictly liable for the injuries to Plaintiff. Ford engaged in a course of advertising, marketing and promoting this line of vehicles, including the vehicle in question. Ford made false representations, which included express and implied misrepresentations of material fact concerning the character and quality of the product and materials used in constructing the vehicle in question. Said misrepresentations were made through advertising, marketing and promoting the product, the totality of which, taken as a whole, falsely misrepresented that the product was safe for use in a manner indicated by Ford to be suitable for consumers such as the Plaintiff.

F.   **BREACH OF WARRANTY**

9.1   Plaintiff refers to and incorporates by reference the general allegations contained in paragraphs 3.1 through 4.2, inclusive, as though fully set forth at length.

9.2   Defendant, Ford, by and through the sale of the vehicle in question, expressly and impliedly warranted to the public generally, and the Plaintiff specifically, that the truck was fit for the purposes for which it was intended. Plaintiff made use of the product as alleged herein and relied on these express and implied warranties.

9.3     Defendant breached their express and implied warranties, and such breach was a producing cause of the occurrence in question.  Further, Defendant's breach of warranties rendered the truck unreasonably dangerous and was a proximate cause and producing cause of the occurrence in question and the resulting injuries of Clyde Noyes and ultimate death of Clyde Noyes, and of the damages suffered by Plaintiff. Finally, Defendant's conduct was done knowingly.

## V. <u>DAMAGES</u>

11.1    As a result of the death of Clyde Noyes, his Estate, wife, Sally Noyes, and adult child Charles R. Noyes have suffered damages in the past and in the future, including pecuniary damages, mental anguish, loss of companionship and loss of consortium, for which damages are sought under the applicable Wrongful Death statutes and Survival statutes in an amount far in excess of the minimal jurisdictional limits of this Court.  These damages include, <u>but are not limited to,</u> the reasonable cost of Clyde Noyes' funeral expenses, the reasonable value of necessary medical care and expenses incurred and pain, suffering, and mental aguish sustained prior to his death. Additionally, the reasonable value of the loss of Clyde Noyes' financial support, services, comfort, or companionship that would be reasonably certain to occur in the future, taking into consideration the life expectancy of Clyde Noyes, his wife, and each of the next of kin and Clyde Noyes physical and mental health had he not suffered the injuries that caused his death.

## VI. PRE-JUDGMENT AND POST-JUDGMENT INTEREST

12.1    Plaintiff seeks pre-judgment interest and post-judgment interest as allowed by law.

## VII. JURY DEMAND AND DESIGNATION OF PLACE OF TRIAL

13.1    Plaintiff requests a trial by jury for all issues of fact, pursuant to Rule 38(b) FRCP. Plaintiff also requests trial in Omaha, Nebraska.

## PRAYER

WHEREFORE, PLAINTIFF PRAYS FOR RELIEF AS FOLLOWS:

1.    As to all counts for judgment against the Defendant for special and general damages in amounts to be proven at trial, such amounts in excess of the jurisdictional minimum limits of this court.

2.    For pre-judgment and post-judgment interest as allowed by law.

3.    For, expenses and costs of this action, and

4.    For such other and further relief as the court deems just and proper.

Respectfully submitted,

KEATING, O'GARA, DAVIS &
NEDVED, P.C., L.L.O.
Suite 100, 530 South 13th Street
Lincoln, NE 68508
Telephone: (402) 475-8230
Facsimile: (402) 475-8328

By: _____
Gary Nedved
Nebraska State Bar No. 15508
gjnedved@keatinglaw.com

                    Jeffrey G. Wigington
                    Texas State Bar No. 00785246
                    Josh W. Hopkins
                    Texas State Bar No. 00787714
                    **WIGINGTON RUMLEY, L.L.P.**
                    800 North Shoreline
                    14th Floor ♦ South Tower
                    Corpus Christi, TX 78401
                    Telephone:  (361) 885-7500
                    Facsimile:   (361) 885-0487

                    AND

                    Timothy L. Eves
                    **LAW OFFICES OF TIMOTHY L. EVES**
                    418 Eleventh St., Suite 205
                    P.O. Box 1291
                    Huntington, West Virginia 25714-1291
                    Telephone:  (304) 529-0474
                    Facsimile:  (304) 529-0995

                    **ATTORNEYS FOR PLAINTIFF**
                    **SUBJECT TO PRO HAC VICE**
                    **ADMISSION**