**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEBRASKA**

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

05 NOV 18 PM 2: 13

OFFICE OF THE CLERK

SALLY NOYES, PERSONAL                )
REPRESENTATIVE OF THE ESTATE OF      )
CLYDE NOYES,                         )
                                     )
                    Plaintiff,       )
                                     )
        vs.                          )          Case No.  8:05CV322
                                     )
FORD MOTOR COMPANY,                  )
                                     )
                    Defendant.       )

<u>**STIPULATED PROTECTIVE ORDER**</u>

In order to preserve and maintain the confidentiality of certain documents to be produced by Ford Motor Company ("Ford") in this action, it is ordered that:

1.      Documents to be produced by Ford to Plaintiff during discovery in this litigation that contain trade secrets, confidential, proprietary or technical information shall hereafter be referred to as "Protected Documents."  When used in this Order, the word "documents" means all written material, videotapes and all other tangible items.  Except as otherwise indicated below, documents designated by Ford as "Proprietary and Confidential," "Confidential," "Subject to Protective Order," or "Produced Pursuant to Protective Order," or otherwise subject to this Protective Order that are produced or delivered by Ford to Plaintiff or his attorneys, consultants, agents, or experts in this action shall be Protected Documents and given confidential treatment as described below.

2.      The burden of proving that a Protected Document contains confidential technical information or other confidential information is on Ford.  Prior to designating any material as a Protected Document, Ford must make a bona fide determination that the material is, in fact, a trade secret or other confidential information, the dissemination of which would

1786905v1

significantly damage Ford's competitive position or otherwise divulge confidential information. If Plaintiff disagrees with the "confidential" designation of any document, Plaintiff will so notify Ford in writing. Ford will timely apply to this Court to set a hearing for the purpose of establishing that such documents are confidential. Plaintiff will consider any document marked as confidential for a period of 30 days after the Plaintiff notifies the Defendant of the disagreement while Ford is preparing and filing pleadings seeking the Court's protection on the disputed documents and if the Defendant files pleadings within the 30 day period, until the Court enters a ruling on the matter.

3.      Both the Protected Documents and the information contained therein shall be treated as confidential and shall be used only for the purpose of prosecuting or defending this action. Except upon the prior written consent of Ford or upon further Order of this Court, the Protected Documents or information contained therein may be shown, disseminated, or disclosed only to the following persons:

a)      Plaintiff's counsel of record in this case, including other members of counsel's law firm and any other counsel associated to assist in the preparation or trial of this case;

b)      All employees of Plaintiff's counsel or of associated counsel, who assist in the preparation or trial of this case;

c)      Experts and consultants retained by Plaintiff for the preparation or trial of this case, provided that no disclosure shall be made to any expert or consultant who is employed in the automotive industry by a Ford competitor. This does not prevent Plaintiff from making disclosures to individuals retained by a competitor of Ford for the purpose of litigation; and

2

d)     The Court, the Court's staff, witnesses, and the jury in this case.

4.    In addition, Plaintiff's counsel has the right to exchange documents, information and materials produced pursuant to this Order with other attorneys involved in the prosecution of litigation against Ford subject to the following:

a)    Plaintiff's counsel shall not provide any documents, information or materials produced pursuant to this Order, or copies thereof except to an attorney who is actually involved in the prosecuting litigation, and Plaintiff's counsel shall not provide such documents, information or materials or copies thereof to any such person without notifying counsel for Ford in advance of delivery of such documents, information or materials of the name of the person to whom such information will be delivered and the style and cause number of the case in which such person is involved, if applicable.

b)    Those attorneys who receive or review documents, information and materials or copies thereof must certify they will not release it to the competitor of Ford, or other who might exploit it for their own economic gain, with the exception of Plaintiff's attorneys who receive said documents pursuant to this Protective Order and any experts or consultants who Plaintiff's counsel might retain for the prosecution of their litigation.  Reviewing attorneys must further certify they will not release any such information to anyone other than those set forth above without first obtaining permission from Ford or its counsel.  This certification requirement may be met by

3

the reviewing individual reading this Protective Order and agreeing to its terms by signing a copy of this Order.

5.     Confidential documents, information or materials produced pursuant to this Order, and any copies thereof, may be disclosed to deponents or witnesses during the course of their preparation for, and the taking of, their deposition or testimony.  Prior to the disclosure of such information to a deponent or witness, the attorney making such disclosure shall advise the deponent or witness to whom the documents, information or materials contained therein are to be disclosed that, pursuant to this Order, such deponent or witness may not divulge any such materials or the information contained therein to any other person, firm or corporation, except in their testimony or to other attorneys involved in litigation against Ford.

6.     Plaintiff's counsel shall maintain a list of names of each person exclusive of attorneys who have heretofore been referenced in this Order, to whom confidential documents, information and materials covered by this Order have been disclosed, and such list shall be made available to counsel for Ford at the conclusion of this litigation.  This provision is intended to include experts, consultants, or other individuals that Plaintiff's counsel may utilize in prosecution of this litigation.

7.     To the extent that Protected Documents or information contained therein are used in the taking of depositions, such documents or information shall remain subject to the provisions of this Order and such documents attached to the depositions shall be maintained under seal by the clerk or court reporter.  It shall be Ford's responsibility to notify court reporters of this provision at the time of the taking of a deposition.  Any use by the Court of any such documents or information shall be held <u>in camera</u> unless the Court orders otherwise upon good cause shown.

4

1786905v1

8.      Ford may not designate as "Protected Documents" any materials that have been admitted into evidence in open court during a trial and not simultaneously or subsequently placed under seal or their disclosure otherwise restricted or limited by the court conducting the trial during or after that trial.

9.      This Protective Order shall not apply to the disclosure of Protected Documents or the information contained therein at the time of trial or court hearing, through the receipt of Protected Documents into evidence, or through the testimony of witnesses.   The closure of trial proceedings and sealing of the record of a trial involve considerations not presently before the Court.  These issues may be taken up as a separate matter upon the motion of any of the parties at the threshold of the trial.

10.      This Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

11.      Protected documents shall not include (a) advertising materials, (b) materials that on their face show that they have been published to the general public, (c) documents that have been submitted to the National Highway Traffic Safety Administration without a request for confidential treatment, or (d) documents which have been produced in other cases involving Ford without being subject to protective order.

5

12.     Notwithstanding any other contrary provisions, nothing herein shall preclude the Plaintiff from moving the Court for determination of the propriety of any documents claimed as "confidential" up to the date of the termination of litigation in this Court.

THE HONORABLE ~~LES GOSSETT~~

LYLE E. STROM

Dated: _11/17/05_

6

1786905v1

Agreed to and Approved by:

By: _____
Gary J. Nedved, Neb. #15508

Keating, O'Gara Law Firm
530 So. 13th St., Suite 100
Lincoln, NE 68508-2795
402.475.8230
FAX: 402.475.8328
e-mail: gjnedved@keatinglaw.com

and

Jeffrey G. Wigington, *Admitted Pro Hac*
Josh W. Hopkins, *Admitted Pro Hac*
Wigington, Rumley Law Firm
800 North Shoreline
14th Floor - South Tower
Corpus Christi, TX 78401
361.885.7500
FAX: 361.885.0487
e-mail: jwigington@wigrum.com
        jhopkins@wigrum.com

Timothy L. Eves, *Admitted Pro Hac*
Evans Law Firm
P.O. Box 1291
Huntington, WV 25714-1291
304.529.0474
FAX: 304.529.0995
e-mail: t.l.eves@verizon.net


ATTORNEYS FOR PLAINTIFF

1786905v1

By: _____
        John A. Svoboda, Neb. #19888

Gross & Welch, P.C.
2120 South 72nd Street #1500
Omaha, NE  68124-2342
jsvoboda@grosswelch.com
402.392.1500
Fax:  402.991.9176

and

Julie A. Shull
*Pro Hac Application to be Submitted*
2555 Grand Boulevard
Kansas City, MO  64108-2613
816.474.6550
FAX:  816.421.5547
jshull@shb.com

ATTORNEYS FOR DEFENDANT
FORD MOTOR COMPANY

8

1786905v1